IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01027-RTG

YULINO JHON CAISAHUANA BRAVO,

　　　　Applicant,

v.

JOHNNY CHOATE, Warden of GEO Group Inc. Aurora,
ERNESTO SANTACRUZ, U.S. Immigration and Customs Enforcement Field Office Director
　　　for the Colorado Field Office,
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and
PAMELA BONDI, Attorney General of the United States,

　　　　Respondents.

---

ORDER OF DISMISSAL

---

Applicant Yulino Jhon Caisahuana Bravo, who at the time was an immigration detainee at a detention facility in Aurora, Colorado, initiated this action on March 12, 2026, by filing *pro se* a "Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)" (ECF No. 1). On March 13, 2026, the Court issued an order to cure deficiencies (ECF No. 4), directing Applicant to file within 30 days an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the court-approved form.

The copy of the order to cure, which the Court mailed to Applicant at his address of record has been returned to the Court as undeliverable with notations on the returned envelope stating "Released" and "RETURN TO SENDER, INSUFFICIENT ADDRESS, UNABLE TO FORWARD". (*See* ECF No. 5).

Applicant has failed to cure the designated deficiencies within the time allowed,

and he has failed to file a notice of change of address within five days of any change of address as required by the Court's local rules. *See* D.C.COLO.LCivR 5.1(c). In addition, the Court has been informed in Applicant's other pending case that he voluntarily departed the United States on March 25, 2026. *See Bravo v. Baltazar, et al.,* Civil Action No. 26-cv-934-STV (D. Colo. filed Mar. 6, 2026), ECF No. 15 at 3, ECF No. 15-1 at ¶ 8.

Based on the foregoing, this action will be dismissed without prejudice for failure to cure deficiencies and failure to comply with the Court's local rules. It also appears that any relief Applicant seeks in this habeas corpus action has been mooted by his release from immigration custody and departure from the United States.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he also must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Applicant failed to cure the deficiencies as directed and failed to comply with the Court's local rules. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions, including ECF No. 2, are denied as moot.

DATED at Denver, Colorado, this __20th__ day of ____April____, 2026.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court